**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-1311**

JOSEPH E. ENNIS, SR.; MARJORIE G. ENNIS,

        Plaintiffs – Appellants,

       v.

CHESAPEAKE APPALACHIA, LLC, an Oklahoma limited liability
company; STATOIL USA ONSHORE PROPERTIES, INC., a Delaware
corporation; RANGE RESOURCES-APPALACHIA, LLC, a Delaware
limited liability company,

        Defendants – Appellees.

Appeal from the United States District Court for the Northern
District of West Virginia, at Wheeling. John Preston Bailey,
Chief District Judge. (5:12-cv-00105-JPB)

Submitted: August 20, 2013      Decided: October 2, 2013

Before KING, KEENAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael C. Harris, HARRIS WELSH & LUKMANN, Chesterton, Indiana;
Eric M. Gordon, BERRY, KESSLER, CRUTCHFIELD, TAYLOR & GORDON,
Moundsville, West Virginia, for Appellants. Kevin C. Abbott,
REED SMITH LLP, Pittsburgh, Pennsylvania, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In this diversity action, plaintiffs Joseph E. Ennis, Sr., and Marjorie G. Ennis, owners of an eighty-eight-acre parcel in Ohio County, West Virginia, seek a declaration that (1) they did not enter into a binding "oil, gas and coalbed methane gas lease" with defendant Range Resources-Appalachia, LLC (nee Great Lakes Energy Partners, LLC), and (2) Range thus did not validly assign any lease to defendants Chesapeake Appalachia, LLC, and Statoil USA Onshore Properties, Inc. The Ennises also allege that they are entitled to compensatory and punitive damages for the loss of income and diminished property value that have resulted from the defendants' illegal claim on the Ennises' oil and gas.

Concluding that a fully enforceable lease exists between the Ennises and Range, the district court granted a motion, made by Range solely on its own behalf, to dismiss the Ennises' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). See Ennis v. Chesapeake Appalachia, LLC, No. 5:12-cv-00105 (N.D. W. Va. Feb. 8, 2013) (the "Dismissal Order"). That same day, the court issued an order for the Ennises to show cause why the complaint should not be dismissed as to Chesapeake and Statoil, in that the Ennises' claims against those two defendants seem to hinge on the lack of a binding lease with Range. In response, rather than contending that their claims against Chesapeake and

2

Statoil are independent of their claims against Range, the Ennises filed a Rule 59(e) motion to alter or amend the Dismissal Order on the ground that the court erred in pronouncing a binding lease. Adhering to its earlier ruling, the court denied the Ennises' Rule 59(e) motion and dismissed the complaint in its entirety. See Ennis v. Chesapeake Appalachia, LLC, No. 5:12-cv-00105 (N.D. W. Va. Mar. 1, 2013) (the "Rule 59(e) Order"). The Ennises timely noted this appeal from the final judgment, contesting both the Dismissal Order and the Rule 59(e) Order.

The Ennises maintain that they made an offer to enter into a lease when, on August 1, 2006, they signed and tendered a lease form that had been provided to them by Range that June; the form contained a commencement date of "this __ day of June, 2006." On August 28, 2006, the form bearing the Ennises' signatures — now altered by Range to reflect a commencement date of August 1, 2006 — was executed on Range's behalf. Range promptly recorded a memorandum of lease commencing on August 1, 2006, and conveyed its interest in the lease to Chesapeake (73.12%) and Statoil (26.88%) effective July 1, 2010. According to the Ennises, they believed for four years that they had entered into a binding lease with Range that had commenced on an unspecified day in June 2006, but were disabused of that belief sometime in 2010 when they discovered Range's alteration of the

3

commencement date to August 1, 2006. The Ennises now insist that such alteration constituted a counter-offer by Range that the Ennises never accepted, so that there was no "meeting of the minds" necessary for the formation of a valid contract.

In pertinent part, the district court agreed with the Ennises that "[t]he start date on the oil and gas lease is, indeed, an essential term as it in turn affects the termination date of the [five-year] lease." Dismissal Order 5. Nevertheless, the court expressed no "difficulty in supplying that date in an effort to remove any uncertainty as to the rights and responsibilities of the parties." Id.; see Restatement (Second) of Contracts § 204 (1981) ("When the parties to a bargain sufficiently defined to be a contract have not agreed with respect to a term which is essential to a determination of their rights and duties, a term which is reasonable in the circumstances is supplied by the court."). The court declined "to enforce a date of 'this __ day of June, 2006,'" because to do so would not "serve any party's interest in establishing a clear start or end date to the lease." Dismissal Order 5. Rather, the court deemed August 1, 2006 — the day the lease was signed by the Ennises, as well as the date designated by Range — to be the proper lease commencement date. See id. at 8 (noting that, "had the contract remained in its original form with the language 'this __ day of June, 2006,' the

4

Court would have nevertheless supplied the August 1, 2006, date as the most reasonable term").

In supplying a reasonable commencement date rather than deeming the lease wholly unenforceable, the district court observed that the choice of August 1, 2006, was harmless to the Ennises. That is, approximately one year remained on the five-year lease when development of the Ennises' oil and gas was attempted, "regardless of whether the June, 2006, or August 1, 2006, dates were used." See Dismissal Order 7-8 (distinguishing Southern v. S. Penn Oil Co., 81 S.E. 981 (W. Va. 1914), where defendant endeavored to use fraudulently altered lease to drill on plaintiff's land after expiration of unaltered version of lease). Because we agree with the foregoing analysis, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

5